IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES FARROW,<br>        Plaintiff, | * |
| v. | *<br>CIVIL ACTION NO.  PJM-05-1619 |
| DORCHESTER COUNTY SHERIFF'S<br>  DEPT., et al.,<br>        Defendants. | *<br>*  |

******

## **MEMORANDUM OPINION**

Defendants have moved for dismissal or summary judgment against Plaintiff James Farrow. Paper No. 10.  Plaintiff has filed an opposition.[1]  Paper No. 12.  The issues in the motions have been fully briefed and no hearing is necessary.  Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, the dispositive motion filed by Defendants will be granted.

**Standard of Review**

---

[1] Plaintiff has also filed a Motion to hold in Abeyance or for Appointment of Counsel, which has been opposed by Defendants.  Paper Nos. 13 and 15, respectively.  Plaintiff's Motion shall be denied.  Plaintiff's primary basis for seeking to hold the matter in abeyance is his contention that he does not have access to legal materials. Plaintiff has adequately prepared and filed the Complaint and an opposition to Defendants' dispositive motion. Plaintiff is currently a Maryland Division of Corrections inmate housed at the Western Correctional Institution in Cumberland, Maryland.  The system for providing Maryland inmates with legal materials has been found to be constitutionally sufficient.  *See Hall v. Maryland*, 433 F. Supp. 756 (D. Md. 1977). Moreover, Plaintiff points to nothing specific to his incarceration that limits his access to legal materials. Lastly, while Plaintiff maintains that he would benefit from obtaining a transcript of state court criminal proceedings, he fails to explain how the transcript would assist his case.  Plaintiff may counter Defendants' dispositive motion by filing an Affidavit.  Clearly, the facts of the events surrounding the shooting are matters within his knowledge and as such he is capable of adequately responding to the pending dispositive motion by filing such an Affidavit.  In light of the foregoing, the Motion to Hold in Abeyance will be denied.

      The Motion for Appointment of Counsel shall also be denied. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779, 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

      The Court finds from its review of the Complaint that Plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty.  Furthermore, the Court concludes that Plaintiff's complaint is not of undue complexity.  Therefore, in the exercise of its discretion, the Court shall deny Plaintiff's request for appointment of counsel.

**A.      Motion to Dismiss**

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.      Motion for Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Not every factual dispute will defeat the motion. As the Supreme Court has stated,

> [b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is

a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc*., 840 F.2d 236, 240 (4th Cir. 1988).  The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1993), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses to not proceed to trial.  *See Felty v. Graves-Humphreys Co*., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)).  With this standard in mind, the Court now examines Plaintiff's claims.

## Background

Plaintiff alleges that on June 20, 2002, Defendant Walker was dispatched to 4300 Russell Road in Hurlock, Maryland.  Upon Walker's arrival, he was approached by Plaintiff who was brandishing a stick "in a threatening manner" and who had "what appeared to be" a hand gun tucked in the waist of his pants.  Paper No. 1.  As Plaintiff approached Walker, Walker commanded Plaintiff to drop his weapons.  Plaintiff dropped the stick but continued walking toward Walker, pulled out what was later determined to be a toy gun, and pointed the gun at Walker.  *Id*.  Walker then fired his weapon, striking Plaintiff three times in the abdomen, once in the right arm, and once in the left shoulder.  Plaintiff contends that while Walker was firing upon him he turned to run away and was shot in the back.  *Id*.   As a result of this incident Plaintiff is partially paralyzed.  *Id*. He seeks compensatory damages and Walker's removal from the Dorchester County's Sheriff Department. *Id.*

Defendant Walker's affidavit describing the events of June 22, 2002, varies little from Plaintiff's version of events.  Paper No. 10, Ex. D.  Accordingly to Walker, when he arrived on Russell Road he saw Plaintiff sitting on the front steps.  As Walker got out of his patrol car, Plaintiff

3

stood up and approached Walker in an aggressive manner, carrying an eight inch wooden stick. Plaintiff raised the stick over his head in a threatening manner. Walker removed his gun from its holster and yelled repeatedly "sit down, get down on the ground." Plaintiff failed to comply with the commands. As Plaintiff continued approaching Walker, Plaintiff quickly turned, dropped the stick, reached into the waistband of his pants removing what appeared to be a handgun, and pointed it directly at Walker in a threatening manner. At this point, while retreating from Plaintiff, Walker fired his gun. Plaintiff continued walking toward Defendant with the gun pointed directly at him yelling "I am going to kill you." Although Walker discharged all of the rounds in his gun; Plaintiff continued coming toward Walker, who turned and ran away from Plaintiff. Plaintiff ran after Walker yelling, "I got you. I got you now Walker. I am going to kill you now." While running from Plaintiff, Walker reloaded his gun and turned and fired additional shots at Plaintiff. At this point Plaintiff stopped running and fell on the ground wounded. *Id.* Walker approached Plaintiff, advised him not to touch the gun he had been carrying which was still within reach, and kicked the handgun away. [2] Shortly thereafter, Walker's partner arrived on the scene. Plaintiff was handcuffed, paramedics were called, and Plaintiff was provided comfort care. After the scene was secured, it was determined that the handgun displayed by Plaintiff during the incident was a toy replica of a revolver covered in black electrical tape. *Id.*

**Analysis**

**A.     Dorchester County Sheriff's Department**

Plaintiff filed this complaint under 42 U.S.C. § 1983 against Defendant Dorchester County Sheriff's Department. Essential to sustaining an action under § 1983 are the presence of two

---

[2] During the entire incident Walker states that he feared for his safety.

4

elements. Specifically, Plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). There is no legal entity named "Dorchester County Sheriff's Department." Because Defendant Dorchester County Sheriff's Department is not a "person" subject to suit or liability under § 1983, Plaintiff's Complaint against Dorchester County Sheriff's Department must be dismissed.

**B.     Excessive Force**

Claims of excessive force during an arrest or investigatory stop are examined under the Fourth Amendment's objective reasonableness standard. *See Graham v. Connor*, 490 U. S. 386, 395 (1989). This "requires balancing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (citation omitted). Factors to be included in making this determination include the severity of the crime, whether there is an immediate threat to the safety of the officer or others, and whether the subject is resisting arrest or attempting to flee. *Graham*, 490 U.S. at 396. The determination is to be made "from the perspective of a reasonable officer on the scene." *Id*. An officer may use deadly force when he has probable cause to believe that a suspect poses a threat of serious physical harm to the officer or others. *See Brosseau v. Haugen*, 543 U.S. 194, 197-8 (2004); *Elliott v. Leavitt*, 99 F.3d 640, 642 (4th Cir. 1996). "The Constitution simply does not require police to gamble with their lives in the face of a serious threat of harm." *Elliott*, 99 F.3d at 641.

In the instant case, Plaintiff admits approaching Defendant Walker in a threatening manner

5

while brandishing a stick and having what appeared to be a handgun tucked in his waistband. Paper No. 1. After being directed to lay down his weapon, Plaintiff admits that he put the stick down but pointed what appeared to be a real handgun at Defendant. He further admits that he continued walking toward Defendant in an aggressive manner even after Defendant had begun discharging his service revolver. *Id*. There is no evidence to support Plaintiff's contention that at any point he retreated from Defendant and/or was shot in the back. Rather, the uncontradicted Affidavit of Defendant, investigation by the Maryland State Police Internal Affairs Unit, and eyewitness accounts of the event, demonstrate that Plaintiff: was intoxicated; called 911 in order to have police respond so he could provoke an altercation; threatened Defendant Walker verbally and physically; actively concealed that the handgun he brandished was a toy; and pursued Defendant Walker after both being verbally commanded to lay down his weapons and after being fired upon. Paper No. 10, Ex. A, B, and D.

Given the foregoing, a reasonable officer in the same circumstances would have concluded that a threat existed justifying the use of deadly force. *See Slattery v. Rizzo*, 939 F.2d 213, 216-17 (4th Cir. 1991) (upholding use of deadly force even though it was not entirely clear that Plaintiff's movement in turning his body toward the officer was the beginning of an attack); *McLenagan v. Karnes*, 27 F.3d 1002, 1007 (4th Cir. 1994) (upholding use of deadly force where officer gave no warning to Plaintiff and never saw a weapon in Plaintiff's hand); *Cox v. County of Prince William*, 249 F. 3d 295 (4th Cir. 2001) (upholding use of deadly force when police officer saw Plaintiff brandish a weapon and Plaintiff disregarded command to put hands up). Defendant Walker acted reasonably in responding to events that unfolded quickly around him. It is not the province of this court to "second guess the split-second judgment of a trained police officer merely because that

judgment turns out to be mistaken, particularly where inaction could have resulted in death or serious injury to the officer...." *McLenagan*, 27 F. 3d at 1007-8. That the gun brandished by Plaintiff turned out to be a toy does nothing to change this conclusion, particularly in light of the eyewitness accounts which demonstrate that Defendant Walker could not have known that the brandished weapon was in fact a toy.

## CONCLUSION

Plaintiff's Motion to Hold Case in Abeyance and Motion for Appointment of Counsel will be denied. Defendant Dorchester county Sheriff's Department's Motion to Dismiss will be granted. Defendant Walker's Motion for Summary Judgment will be granted. A separate Order will be entered in accordance with this Memorandum Opinion.

February 7, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE